**SO ORDERED.**

**SIGNED this 19 day of June, 2009.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion designated for print publication and on-line use

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

**In re:**

**ROBERT DEAN ORR,**

           **DEBTOR.**

**CASE NO. 08-13242
CHAPTER 11**

**MEMORANDUM AND ORDER
(1) GRANTING DEBTOR'S MOTION TO SET ASIDE SUA SPONTE ORDER
EXTENDING TIME TO FILE DISCHARGEABILITY COMPLAINTS AND
FINDING THE ORDER EFFECTIVE AS TO CREDITORS WHO RELIED UPON IT;
(2) GRANTING CREDITORS' CAUTIONARY MOTIONS NUNC PRO TUNC
EXTENDING DEADLINE FOR FILING DISCHARGEABILITY COMPLAINTS; AND
(3) FINDING DISCHARGEABILITY COMPLAINTS OF CREDITORS BANK OF NEW
YORK MELLON AND FIFTH THIRD BANK TIMELY FILED.**

Following an evidentiary hearing held on May 5, 2009, the Court took under advisement

the motions identified below relating to an order entered orally at the first § 105(d) status

conference held on February 17, 2009, extending the time for filing objections to discharge,

which was later memorialized in a document entitled Sua Sponte Judgment Extending Deadline

for Filing Complaints Seeking Determination of Dischargeability under § 523, filed on March 9, 2009.

The motions under advisement relate to the bar date for filing dischargeability complaints. They are: Debtor's Motion to set Aside "Sua Sponte Judgment Extending Deadline for Filing Complaints Seeking Determination of Dischargeability under § 523" (Doc. 58) and Creditor Fifth Third Bank's Precautionary Motion *Nunc Pro Tunc* for Extension of Time to File a Complaint under 11 U.S.C. § 523(c) pursuant to Bankruptcy Rule 4007(c) and 11 U.S.C. § 105(a) (Doc. 71). Creditors joining in that motion are: Security State Bank, ONB Bank and Trust Company, First National Bank, First United Bank and Trust, Great Basin Bank of Nevada, Indigo Investment, LLC, Midwest Community Bank, Bank of Commerce & Trust Company, and Union State Bank (hereafter collectively "Bank Group") (Doc. 73); Bank of New York Mellon, as Trustee pursuant to Indenture of Brooke Securitization Company Floating Rate Asset-Backed Notes Series 2006-1 (Doc. 77); and Bank of New York Mellon, as Trustee pursuant to Indentures dated April 1, 2003, Nov. 1, 2003, June 1, 2004, and March 1, 2005 (Doc. 80). Since there is no difference between the interests and positions of Bank of New York Mellon, as Trustee, under these various instruments, the two parties, although represented by separate counsel, shall hereafter be referred to collectively as Bank of New York Mellon. The Court has jurisdiction.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Motions concerning the time for filing dischargeability complaints concern the administration of the estate and are core proceedings which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(A) and (I). There is no objection to venue or jurisdiction over the parties.

## I. FINDINGS OF FACT.

This voluntary case under Chapter 11 was filed on December 16, 2008. Prepetition Debtor Orr was the master mind behind the unsuccessful Brooke insurance empire, which was comprised of multiple entities and involved hundreds of insurance agencies nationwide. Three of the Brooke entities filed voluntary petitions in this Court under Chapter 11, which have been administratively consolidated in *In re Brooke et al*, case no. 8-22786, which proceedings are also assigned to this Judge. Schedule F in this case is comprised of approximately 160 pages, for a total of over 1000 unsecured creditors. The principal unsecured creditors in this case, and in *Brooke*, are banks, such as Fifth Third Bank and Bank of New York Mellon, which hold multi-million dollar claims arising from the securitization of various Brooke notes.

The day after this case was filed, a docket entry gave notice that the § 341 meeting of creditors would be held on January 9, 2009, and the last day to oppose discharge or dischargeability was March 10, 2009. At the February 17, 2009 § 105(d) conference, the Court considered the current and proposed activity in the case and the Debtor's proposed deadlines, which included: April 9, 2009 for creditors other than governmental units to file proofs of claim; June 14, 2009 for governmental units to file proofs of claim; July 14, 2009 for objecting to claims; July 14, 2009 for filing a spreadsheet of allowed and disputed claims; August 14, 2009 for filing a disclosure statement and plan, and December 16, 2010 for filing any avoidance claims. Near the end of the conference, in response to the Court's question whether anyone had anything further they wished to accomplish, Ms. Epps, appearing telephonically for First United Bank and Trust and ONB Bank and Trust Co., and the Court engaged in the following dialogue concerning the time for filing complaints objecting to dischargeability:

3

MS. EPPS: Your Honor, this is Lisa Epps. When we are talking about deadlines I understand that currently that the deadline to file complaints to determine the dischargeability is March 10. Has there been any discussion of --

THE COURT: You know, that is not, that is one that probably really does need to be extended.

MS. EPPS: Because what I -- at least on behalf of my clients certainly we are talking about -- because we won't be in a position to have a complaint on file.

THE COURT: And I don't want to deal with a thousand motions to extend the time.

MS. EPPS: Absolutely.

THE COURT: Let's run that to April 9 right now.

MS. EPPS: Okay.

THE COURT: And we'll take that up at the status conference too.

MS. EPPS: And the status conference again, Your Honor, is April 7?

THE COURT: Yes, at 11:00. That's a good question.

MS. EPPS: A rare occasion.

THE COURT: Now, now.

MR. MORRIS: Just to -- obviously it is in our interest not to extend that --

THE COURT: Sure.

MR. MORRIS: -- and it seems to me that I really don't think we will have thousands. I think we know the principal people and it seems to me that the way to deal with that was to have a motion filed and now if it were literally thousands, I understand that. But I think it is primarily the people that we are talking about today.

THE COURT: Well, I tell you what. Everybody has focused all their energies on the Brooke entities and I think April 9 -- I am going to extend that deadline to April 9, and we will see what happens. Give people a chance to focus, because I am not sure they have. Okay. Mr. Schantz, do you have anything you want to add?

The court room minute sheet[2] states in part that the § 105(d) status conference is continued to

April 7, 2009 and "[t]he Court will address the claims bar date and deadline for dischargeability

complaints."  On March 9, 2009, before the expiration of the time set for filing dischargeability

---

[2] Doc. 44, filed February 17, 2009.

4

complaints, the Sua Sponte Judgment Extending Deadline for Filing Complaints Seeking

Determination of Dischargeability under § 523 (Doc. 57) (hereafter "Order of Extension"[3]) was

entered.  It provides:

> This matter was before the Court for a §105(d) status conference on February 17, 2009.  At that time, the parties brought to the Court's attention the fact the notice sent out in this case (docket no. 5) to advise creditors of the filing of this case, the scheduling of the meeting of creditors, and various deadlines had included a deadline of March 10, 2009, for filing any complaints to determine the dischargeability of particular debts.  The Debtor in this case had been heavily involved in various Brooke corporate entities before a receiver was appointed for them.  The receiver put three of those entities into Chapter11 bankruptcy cases, filed in Kansas City, Kansas, and is now serving as the trustee for them. The Court is aware the parties involved in this case have been focusing their attention on the Brooke cases, and believes they should be given additional time to turn their attention to this case and decide whether to object to the discharge of any of their claims.  Consequently, the Court announced at the hearing that the deadline would be extended to April 9, 2009.
>
> The deadline to file a complaint to determine the dischargeability of any debts under § 523 is hereby extended to April 9, 2009.[4]

On March 10, 2009, the Clerk's office updated the docket sheet to reflect that the last day to

oppose discharge or dischargeability is April 9, 2009.

At the May 5, 2009 evidentiary hearing, the Court heard testimony of counsel

representing Fifth Third Bank and Bank of New York Mellon in this case and the *Brooke* case.[5]

---

[3] The Court recognizes that the Doc 57 was not a judgment within the meaning of Fed. R. Bankr. P. Rules 9001(7) or 9021, which incorporates Fed. R. Civ. P. Rule 58 and should have been labeled an Order. Since the Court finds no consequence from this erroneous use of the word judgment, an order nunc pro tunc amending the label of the Order of Extension has not been entered.

[4] Doc. 57 (footnote omitted).

[5] Since other creditors, with the exception of the Brooke Trustee have decided not to object to discharge, they did not participate in the hearing on the Debtor's motion to vacate.

5

They testified that from at least late December 2008 until March 6, 2009, counsel for the *Brooke* Chapter 11 Trustee and the major bank creditors in Brooke, including Fifth Third Bank and Bank of New York Mellon, were focused on negotiating and obtaining Court approval in the *Brooke* bankruptcy of a settlement of complex issues relating to the securitzed debts. That approval was obtained at a hearing held on the afternoon of Friday, March 6, 2009. On the same day, counsel for the *Brooke* Trustee, Albert Reiderer, filed a motion for extension of time to June 10, to object to discharge. However, counsel for Bank of New York Mellon and Fifth Third Bank, immediately after the *Brooke* settlement hearing, did not file such motions but shifted their attention to the drafting of dischargeability complaints to be filed in this action before expiration of the deadline of Tuesday March 10, 2009. Having worked over the weekend, the complaints were on track to be timely filed. However, on the morning of Monday, March 9, 2009, counsel, who had not been present at the February 17, 2009 status conference, learned of the Court's Order of Extension, filed that morning, extending the deadline to April 9, 2009. Counsel immediately "put their pencils down" and turned their attention to other matters, since there was considerable time before the new bar date.

Counsel for Bank of New York Mellon and Fifth Third Bank testified that they were generally aware that to obtain an extension for filing a dischargeability complaint a party must file a motion before expiration of the bar date and the motion may be granted only for cause, following hearing on notice. However, they also testified that when they received the Court's Order of Extension, they assumed it was valid and never considered the possibility that the Court's order might have been unauthorized until they received the Debtor's motion to set aside the Order of Extension, filed on March 12, 2009. The motion argued the Order of Extension was

6

ineffective under the Tenth Circuit Court of Appeals' decision in *In re Themy*,[6] which held that

Rules 4004(a) and 4007(c),[7] when construed together, prohibit the Court from sua sponte

extending the time in which creditors may file dischargeability complaints.

On April 1, 2009, Creditors DZ Bank, Bank of New York Mellon, Fifth Third Bank, the

Bank Group, and First State Bank of Gothenberg, Nebraska [8] objected to Debtor's motion.  In

addition, on April 1, 2009, Fifth Third Bank filed a Precautionary Motion *Nunc Pro Tunc* for

Extension of Time to File a Complaint under 11 U.S.C.§ 523(2) pursuant to Bankruptcy Rule

4007(c) and 11 U.S.C. §105(a),[9] in which creditors the Bank Group[10] and Bank of New York

Mellon[11] joined.  Fifth Third Bank's motion, filed on April 1, 2009, before the April 9 bar date

set by the Order of Extension, sought extension of the deadline for filing complaints to April 9,

2009, the same date as set by the Order of Extension.

Three dischargeability complaints have been filed in this case.  They are the complaints

of Fifth Third Bank, filed on April 8,[12] the complaint of Bank of New York Mellon, as trustee

---

[6] *Themy v. Yu (In re Themy)*, 6 F.3d 688 (10th Cir. 1993).

[7] Fed. R. Bankr. P. 4004(a) and 4007(c).  References in the text to Federal Rules of Bankruptcy Procedure shall be to Rule xx.  References in the text to the Federal Rules of Civil Procedure shall be to Federal Rule xx.

[8] Docs. 68, 69, 70, 73, and 76.  Counsel for First State Bank of Gothenberg, Nebraska appeared at the May 5th hearing to advise the Court that it would not file a dischargeability complaint.

[9] Doc. 71, filed April 1, 2009.

[10] Doc. 73, filed April 1, 2009.  The Bank Group did not appear at the May 5, 2009 hearing, has presented no evidence in support of the motion, and has not filed a complaint objecting to discharge.  The Court therefore treats its motion as withdrawn.

[11] Doc. 77, filed April 1, 2009 and Doc. 80, filed April 3, 2009.  Bank of New York Mellon is acting as trustee for holders of different securitizations in these two pleadings.

[12] Case no. 09-05064.

7

under the 2006-1 and 2005-2 indentures, filed on April 8, 2009,[13] Bank of New York Mellon, as

trustee under the 2003-1, 2003-2, 2004-1 and 2005-1 indentures filed on April 9, 2009.[14] These

three creditors oppose Debtor's motion to set aside the Order of Extension.

## II.  DEBTOR'S OBJECTION TO THE ORDER OF EXTENSION.

### A.  The Order of Extension was Consistent with the Bankruptcy Rules as to the Bank Group Creditors.

Debtor's motion to set aside the Order of Extension argues that the Extension Order is

invalid under the decision of the Tenth Circuit Court of Appeals in *In re Themy*.[15]  That case

holds that Rules 4004(a) and 4007(c), when construed together, prohibit the Court from sua

sponte extending the time in which creditors may file dischargeability complaints.  Rule 4007(c)

establishes the deadline for filing complaints under § 523(c) to be 60 days after the first date set

for the meeting of creditors.  As to extensions of time, the rule provides: "On motion of any

party in interest after hearing on notice the court may for cause extend the time fixed under the

subsection.  The motion shall be filed before the time has expired."[16]  Rule 9013 provides that a

request for an order "shall be made by written motion, unless made during a hearing."

In this case, the Court extended the deadline in response to the oral request of counsel for

the Bank Group creditors, made when Debtor's counsel was present, at the end of the status

conference.  At that hearing, held before the expiration of the deadline for filing dischargeability

complaints, the Court had previously considered the deadlines for several matters affecting

---

[13] Case no. 09-05063.

[14] Case no. 09-05069.

[15] *In re Themy*, 6 F.3d at 688.

[16] Fed. R. Bankr. P. 4007(d).

8

multiple parties, such as the filing of claims and objections to claims. It therefore seemed natural to the Court to consider the request for extension of time to file dischargeability complaints in this same context - as a general motion to be applicable to all creditors. The Court was aware of the requirement that motions to extend the bar date must be made before the expiration of the deadline, which had not passed. The Court, since also serving as the Judge in the *Brooke* case, was fully aware that as of February 17, 2009, many of the largest creditors of Debtor Orr were deeply involved in settlement of contentious issues in the *Brooke* case and had little time to focus on the *Orr* proceedings. It seemed most fair, that if the extension was going to granted for one creditor, it should also be granted for others. Counsel for the Debtor and the creditors opposing Debtor's motion candidly admit that they, like the Court, were not aware of any prohibition of the court extending the deadline for all creditors.

Under the foregoing authorities, the Order of Extension was valid as to the Bank Group. Since the Bank Group made the motion at the status conference, a writing was not needed. The Debtor was present. Cause for the extensions was found to exist.

### B. The Extension Order was not Proper as to Creditors other than the Bank Group.

However, as reflected in the Order of Extension and as stated above, the Court's intention was to extend the deadline for all creditors,[17] not only for the Bank Group, and to do so without a separate motion from each creditor. In the Tenth Circuit, pursuant to the holding of *Themy*, the Rules do not permit sua sponte orders extending the time to file a dischargeability complaint for

---

[17] Although courts have held that an individual creditor may seek an extension of the deadline on behalf of other creditors as long as the motion specifically so states (In re Overmyer, 24 B.R. 437 (Bankr. S.D.N.Y. 1982) and that the case trustee may obtain an extension on behalf of all creditors [*Brady v. McAllister* (*In re Brady*, 101 F.3d 1165 (6th Cir. 1996)], the Court has found no cases which allow a single motion by one group of creditors for the benefit of all creditors in the case.

9

all creditors. Themy, acting pro se, filed a petition under Chapter 7 on September 17, 1990. The court issued a notice setting the § 341 meeting for October 22, 1990 and setting December 21, 1990 as the deadline for the filing of dischargeability complaints under § 523 and objections to discharge under § 727. Creditor Yu's attorney attended the October 22, 1990 meeting, which was continued to allow Themy's newly retained counsel to file amended schedules. The bankruptcy court sent out a second notice, advising creditors of the continued meeting and setting February 15, 1991 as the deadline for complaints under §§ 523 and 727. On February 14, 1991, creditor Yu filed a complaint against Themy asking to have his debt excepted from discharge and seeking to deny Themy's discharge. Themy sought to have the complaint dismissed as untimely. The bankruptcy court denied the motion, "holding that a creditor is entitled to rely on information sent out by the clerk's office even though it is contrary to the rules when it leads him to defer action otherwise required."[18] The district court and the Tenth Circuit Court of Appeals affirmed. The circuit court stated:

> Rules 4004(a) and 4007(c) set a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts. Rules 4004(b) and 4007(c) provide that this deadline may only be extended for cause, after a hearing, if a motion is made before expiration of the sixty days. Finally, Rule 9006(b)(3) provides that a "court may enlarge the time for taking action under Rules ... 4004(a) [and] 4007(c) ... only to the extent and under the conditions stated in those rules." Together, these rules prohibit a court from sua sponte extending the time in which to file dischargeability complaints.[19]

Thus, in the Tenth Circuit, sua sponte orders extending the deadline for filing dischargeability complaints are not permitted. One could argue, as have the creditors opposing

---

[18] *In re Themy*, 6 F.3d at 689.

[19] *Id.*

10

the Debtor's motion,[20] that the Order of Extension was not truly sua sponte, since it was in response to the oral motion of the Bank Group made in open court at the status conference. However, that oral motion was extended by the Court as if made by all creditors and was sua sponte in that sense. Whatever label is placed in the Order of Extension, the Court finds that as to all creditors other than the Bank Group, it falls within the type of order intended to be prohibited by *Themy*. The Court is bound to follow Tenth Circuit precedent, and holds that the Order of Extension was not valid when entered, as to creditors other than the Bank Group, even though the extension was entered before the deadline had expired and cause existed for the extension.

### C. Because Creditors Fifth Third Bank and Bank of New York Mellon Relied upon the Order of Extension, it Effectively Extended the Deadline for these Creditors to File Dischargeability Complaints to April 9, 2009.

The creditors objecting to the Debtor's motion rely primarily upon the second half of the rule of *Themy*, which affirmed the bankruptcy court's denial of Themy's motion to dismiss the untimely dischargeability complaint. It followed other courts which have "almost uniformly allowed an out-of-time filing when the creditor relied upon a bankruptcy court notice setting an incorrect deadline."[21] The bankruptcy court's acceptance of the late filed complaint against Themy was found to be "an exercise of the court's authority to correct its own errors," utilizing

---

[20] See additional arguments in Fifth Third Bank brief. (Doc. 70). The Court agrees with Debtor (see Doc. 100) that the granting of Trustee Albert Reiderer's motion to extend the bar date filed before March 9, 2009 on behalf of the Brooke entities did not extend the date for other creditors; declines to consider the validity of the time limits set by Fed. R. Bankr. P. 4007; and agrees that Debtor's delay in not objecting to the extension at or immediately after the oral ruling but waiting until after the entry of the written order did not constitute a waiver of any right the Debtor may otherwise have had to challenge the effectiveness of the extension of the new bar date.

[21] *In re Themy*, 6 F.3d at 690.

Case 08-13242   Doc# 168   Filed 06/19/09   Page 11 of 22

its equity powers under § 105(a).[22]  The Tenth Circuit stated, "[A]lthough the burden of protecting one's rights is ordinarily placed on the creditor, . . . when the court's act affirmatively misleads the creditor as to a deadline, the court bears responsibility for correcting its error.  A creditor should be entitled to rely on the court's orders."[23]

This Court agrees.  Section 105(a) provides in part that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The Court extended the deadline without knowing that the Rules prohibit sua sponte extensions of time to file dischargeability complaints.  The testimony clearly establishes that Bank of New York Mellon and Fifth Third Bank relied upon the validity of the Order of Extension.  If the order had not been filed, they would have filed dischargeability complaints before the expiration of the March 10 deadline.  If the Order of Extension were to be set aside without invoking the court's equitable power, creditors who relied upon the order would be unjustly deprived of their right to object to discharge.  Unfortunately, as this case demonstrates, courts make mistakes.  Bankruptcy cases move quickly and often require rulings from the bench on procedural issues first arising during a hearing where there is no time for research.  Lack of power to correct such an error for the benefit of parties who relied upon the ruling would be unjust and make courts hesitant to rule from the bench.  It would impose on counsel the unwarranted burden of needing to evaluate the propriety of court orders.  The administration of bankruptcy cases would suffer.

The Debtor, seeking to avoid the equitable result of *Themy*, argues that the rule allowing a sua sponte extension of time to be effective for parties who relied upon a court order should not

---

[22] *Id.*, 6 F.3d at 689.

[23] *Id.*, 6 F.3d at 690.

apply in this case. He contends, without showing any relevant distinction between this case and *Themy*, that the Tenth Circuit in *Home & Family*[24] and *Weitz*[25] has limited the circumstances when such reliance will justify an untimely dischargeability complaint. The Court rejects this argument and holds that *Themy* controls, without a requirement that reliance be narrowly construed.

*Home & Family* concerned an untimely notice of appeal and the application of the "unique circumstances" doctrine which "permits an untimely appeal to go forward 'where a party has performed an act which, if properly done, would postpone the deadline for filing an appeal and has received specific assurance by a judicial officer that this act has been properly done."[26] The doctrine originated when the applicable rules were construed to provide that counsel's reliance upon an improper order was justified by excusable neglect of counsel.[27] In *Home & Family*, on November 2, the court had granted summary judgment against HFI. On November 14, HFI moved to extend the time to file a motion to alter the judgment under Rule 9023 and to file a notice of appeal through December 1. A clerk's minute order was entered on November 16 granting the motion. On the same day, United States Trustee filed an objection to HFI's motion, pointing out that extensions of time for filing Rule 9023 motions are prohibited. Nevertheless, on December 1, HFI filed a motion to reconsider the summary judgment order. On December 6, the court vacated its order extending the time to file a Rule 9023 motion. Eight

---

[24] *Home & Family, Inc. v. England Resources Corp. (In re Home & Family, Inc.)*, 85 F.3d 478 (10th Cir. 1996).

[25] *Weitz v. Lovelace Health System, Inc.*, 214 F.3d 1175 (10th Cir. 2000).

[26] *In re Home & Family, Inc.*, 85 F.3d at 479.

[27] *Id.*, 85 F.3d at 480.

Case 08-13242   Doc# 168   Filed 06/19/09   Page 13 of 22

days later, HFI filed a motion seeking an additional 10 days to file its notice of appeal relying upon the unique circumstances doctrine. The bankruptcy court denied the motion. The district court dismissed the appeal, finding that HFI could not reasonably rely on the order extending time to file a Rule 9023 motion since such extensions are specifically prohibited by the rules. The Tenth Circuit affirmed dismissal for lack of a timely notice of appeal. It noted that since the Supreme Court's finding that timely notices of appeal are jurisdictional, the trend among the cases has been to restrict the application of the unique circumstances doctrine. In the case before it, the Tenth Circuit found that HFI's reliance upon the improper order was not reasonable in light of the US Trustee's objection to the extension, which had been filed well before the time to appeal expired and gave HFI actual notice that the order extending the time to file under Rule 9023 was erroneous.

In *Weitz*,[28] like *Home & Family*, the issue was whether the court's unauthorized grant of additional time to file a motion to alter or amend the judgment would constitute unique circumstances justifying delay in filing the notice of appeal. On May 27, the district court had entered summary judgment against Weitz. On June 10, Weitz moved for an extension of time to file a motion under Federal Rule 59(e)[29] until June 20. On June 13, the court granted the motion, and Weitz filed a motion within the extended time limit. On July 31 of the following year the motion to alter or amend was denied, and a notice of appeal was filed. The question presented to the Tenth Circuit was whether the untimely motion for extension of time to file the Federal Rule 59(e) motion, which was granted by the court, successfully tolled the period for filing the notice

---

[28] *Weitz v. Lovelace Health System, Inc.*, 214 F.3d at 1175.

[29] That rule provided that motions must be filed not later than 10 days after judgment.

of appeal.  The court ruled that it did not.  It relied[30] upon *Osternack v. Ernst & Whitney*, a Supreme Court case, which adopted a narrow interpretation of the unique circumstances doctrine under which it applies "only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done."[31]  Finding the facts of *Weitz* did not fit within this formulation, because a motion to extend time to file a motion under Federal Rule 59 can never be "properly done," the notice of appeal from the granting of summary judgment was held untimely.

This case is clearly distinguishable from *Home and Family* and *Weitz*.  Here the Order of Extension was issued sua sponte, not in response to a written motion by a party.  Although the rule of *Themy* that erroneous sua sponte orders extending the time to file dischargeability complaints are effective as to those who rely upon them is similar to the unique circumstances doctrine,[32] it is not identical.  The reliance rule of *Themy* is based upon the Court's authority under § 105(a), rather than the excusable neglect of a party, which is the basis for the unique circumstances doctrine.  In this case, unlike *Home and Family*, there was no filing asserting that the order was unauthorized until two days after the original deadline for filing dischargeability

---

[30] *Weitz v. Lovelace Health System, Inc.*, 214 F.3d at 1179.

[31] *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179 (1989).

[32] Although the *Themy* panel cited the unique circumstances doctrine applicable to late filed notices of appeal in support of its opinion (*In re Themy*, 6 F.3d at 690), it did not purport to apply that doctrine, but rather followed *Anwiler v. Pathett (In re Anwiler)*, 958 F.2d 925 (9th Cir. 1992), and *Francis v. Riso (In re Riso)*, 57 B.R. 789 (D.N.H. 1986), adopting the rule that, sua sponte extensions of the bar date are effective as those who rely upon them.

15

complaints had expired. In addition, although a timely notice of appeal is jurisdictional,[33] a timely complaint objecting to discharge is not.[34] The Supreme Court's formulation of the unique circumstances doctrine does not control this case. *Themy* is controlling. A party contending the sua sponte order of extension should be effective needs to show only reasonable reliance.

In addition to the Tenth Circuit, the Second, Eighth, and Ninth Circuits have held that a bankruptcy court may use its equitable powers to permit the late filing of a dischargeability complaint when creditors reasonably relied upon the bankruptcy court's erroneous notice of the bar date. The *Themy* court, in addition to citing numerous bankruptcy court opinions, relied upon *In re Anwiler*,[35] from the Ninth Circuit. That case concerned two notices setting conflicting deadlines sent to the parties by two separate courts, one before and one after a change of venue. The dischargeability complaint had been filed on the last date permitted by the second notice. Appeal was taken from the bankruptcy appellate panel's reversing of the bankruptcy court's dismissal of the dischargeability complaint. The Ninth Circuit reversed and stated:

> Allowing a court to correct its mistakes is not inconsistent with the purpose of Bankruptcy Rules 4004 and 4007. Under the prior bankruptcy rules a party requesting an extension of time after the time to file had passed could plead excusable neglect. When the new rules eliminated excusable neglect as a remedy, the parties were put on notice that they must be diligent in pursuing their claims. The intent behind the rules is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired. It would be very harsh indeed to deny equitable relief in cases where the delay in filing is not due to the fault of either party. . . .

---

[33] *E.g., Griggs v. Provident Consumer Discount, Co.*, 459 U.S. 56 (1982).

[34] *See Kontrick v. Ryan*, 540 U.S. 443 (2004).

[35] *In re Anwiler*, 958 F.2d at 925.

16

> . . . The equitable power given to courts by 11 U.S.C. §
> 105(a) would be meaningless if courts were unable to correct their
> own mistakes.[36]

The Sixth Circuit in *Isaacman*[37] was also confronted with two notices of the deadline resulting from a change in venue. It agreed with *Anwiler* and *Themy* and stated:

> . . . if the bankruptcy court erroneously sets a second bar
> date for the filing of complaints to determine the dischargeability
> of a debt and if a creditor, reasonably relying on that second date,
> files a complaint before the expiration of the second bar date, the
> bankruptcy court should exercise its equitable powers and permit
> the complaint to proceed. To hold otherwise, we believe, would
> create an unjust result because parties are entitled to rely on
> information issued by bankruptcy courts.[38]

More recently, the Eighth Circuit in *Moss* [39] concluded that the bankruptcy court had equitable authority under § 105(a) to accept a complaint that was untimely due to the court's own error. As in this case, the bankruptcy court had sua sponte entered an order extending the bar date because of concerns about the case. The Eighth Circuit cited *Isaacman*, *Themy*, and *Anwiler* in support.

The standard of reasonable reliance is not well defined in the foregoing cases. *Themy* does not expressly discuss the issue, but finds reliance where the creditor filed his complaint on the last date permitted by the second order setting the bar date. Likewise, *Moss* does not address the meaning of reasonable reliance. In *Isaacman*, the 6th Circuit reversed the findings of both the bankruptcy court and the district court that the creditor's reliance on the bar date set by the

---

[36] *Id.*, 958 F.2d at 929.

[37] *J.E. Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994).

[38] *Id.*, 26 F.3d at 632.

[39] *Moss v. Block (In re Moss)*, 289 F.3d 540 (8th Cir. 2002).

17

transferee court was not reasonable. The court found irrelevant the fact that the reliance was on

information of the second bar date conveyed to counsel by the clerk's office rather than by a

court order and rejected the argument that counsel should have consulted the rules to determine

the error. The court placed on the debtor, not the creditor, the obligation to give notice when the

second bar date is erroneous. It stated:

> In sum, we conclude that where a bankruptcy court erroneously
> sets a second bar date for the filing of complaints to determine the
> dischargeability of a debt before the first bar date has expired and
> where a creditor, reasonably relying on that second date, files a
> complaint before the expiration of the second bar date, the
> bankruptcy court abuses its discretion if it fails to exercise its
> equitable powers and permit the complaint to proceed. We further
> conclude that under the circumstances of this case, plaintiff was
> reasonable in relying on the second bar date issued by the clerk's
> office of the bankruptcy court for filing the complaint, and both the
> bankruptcy court and the district court erred in holding otherwise.
> Accordingly, we conclude that the bankruptcy court in this case
> abused its discretion in failing to exercise its equitable powers and
> permit plaintiff's complaint to proceed.[40]

This Court, for the foregoing reasons, finds that reasonable reliance should be liberally

construed to effect justice and avoid unjust results because of court error. When a party relies in

fact upon an erroneous extension of the bar date without actual notice that the extension is

invalid, such reliance is reasonable. The Court rejects as inapplicable the stringent unique

circumstances doctrine standard applicable when the issue is the timely filing of a jurisdictional

notice of appeal. Likewise this Court rejects Debtor's contention that reliance is not reasonable

if counsel fails to ascertain that the order complies with the Code and the Rules. An order of the

Court is per se authoritative, and counsel does not have a duty to research the validity of each

---

[40] *In re Isaacman*, 26 F.3d at 636.

18

order before reliance on it becomes reasonable. "For the integrity of the courts and the bankruptcy process, it is imperative that parties be able to rely on orders of the court. 'To hold otherwise would be to permit parties the option of deciding which orders to obey, or conversely to condemn parties to the instability of guessing which orders to abide and which to ignore.'"[41]

In this case, the testimony of counsel for Bank of New York Mellon and Fifth Third Bank establish reasonable reliance. Actual reliance is beyond dispute. Counsel received notice of the Order of Extension one day before the bar date, while drafting complaints for timely filing. They stopped work on the complaints, which would have been ready to file the next day, only after receiving notice of the Order of Extension. Further, the Court finds the reliance reasonable. Counsel for the creditors, absent some notice that the order may not have been valid, had no duty to inquire as to the Court's authority to issue the order or to evaluate its compliance with the Code and Rules. Notice that validity of the Order of Extension was questioned was not received until March 12, after the expiration of the first bar date.

## III. THE MOTIONS FOR EXTENSION OF TIME TO FILE DISCHARGEABILITY COMPLAINTS OF CREDITORS FIFTH THIRD BANK, AND BANK OF NEW YORK MELLON BANK WERE TIMELY FILED AND ARE GRANTED.

In addition to opposing the Debtor's motion to set aside the Order of Extension, Fifth Third Bank filed a Precautionary Motion *Nunc Pro Tunc* for Extension of Time to File a Complaint under 11 U.S.C.§ 523(2) pursuant to Bankruptcy Rule 4007(c) and 11 U.S.C.

---

[41] *Block v. Moss (In re Moss)*, 258 B.R. 391, 399 (Bankr. W.D. Mo. 2001) aff'd 266 B.R. 408 (8th Cir. BAP 2001) aff'd 289 F.3d 540 (8th Cir. 2002) (*quoting Marshall v. Demos (In re Demos)*, 57 F.3d 1037, 1039 (11th Cir. 1995).

19

§105(a),[42] in which creditors Bank of New York Mellon[43] joined. Fifth Third Bank's motion was filed on April 1, 2009, before the April 9 bar date set by the Order of Extension. The motion seeks extension of the deadline for filing complaints to April 9, 2009, the same date as set by the Order of Extension.

Because, as found above, the Order of Extension was effective as to these creditors, the motion for extension was timely under Rule 4007(c), as filed before the bar date,[44] as extended by the Order of Extension upon which these creditors reasonably relied. At the May 5, 2009 hearing the banks presented evidence of cause for extension based upon the absence of sufficient time to prepare a thoughtful complaint because their attention was focused on the *Brooke* bankruptcy until late afternoon on Friday, March 6, 2009, just four days before the initial bar date. The Court therefore grants the motion pursuant to § 105(a) and Rule 4007(c). Fifth Third Bank and Bank of New York Mellon reasonably relied upon the Order of Extension when not filing a motion for extension of time before the initial bar date and had cause for an extension to file a complaint under § 523. Accordingly, the time for Bank of New York Mellon and Fifth Third Bank to file complaints objecting to discharge under § 523 is extended to April 9, 2009.

---

[42] Doc. 71, filed April 1, 2009.

[43] Doc. 77, filed April 1, 2009 and Doc. 80, filed April 3, 2009. Bank of New York Mellon is acting as trustee for holders of different securitizations in these two pleadings. The Bank Group also joined in the motion (Doc. 73, filed April 1, 2009), but is not pursing the issue since it has decided not to object to discharge of Mr. Orr.

[44] The Court finds irrelevant the nunc pro tunc aspect of Fifth Third Bank's motion. If the Order of Extension extending the bar date to April 9 is effective as to the movants because of reliance, the motion was filed timely before the expiration of the bar date, as required by Rule 4007(c), and there is no reason for the relief to be granted nunc pro tunc, as if the motion had not been filed before the expiration of the initial bar date.

20

**IV. THE DISCHARGEABILITY COMPLAINTS FILED BY CREDITORS FIFTH THIRD BANK, BANK OF NEW YORK MELLON AS TRUSTEE FOR 2006-1 AND 2005-2 INDENTURES, AND BANK OF NEW YORK MELLON AS TRUSTEE FOR 2003-1, 2003-2, 2004-1 AND 2005-1 INDENTURES FILED ON OR BEFORE APRIL 9 ARE ACCEPTED AS TIMELY FILED.**

Three dischargeability complaints have been filed in this case after March 10, 2009, without the creditors having filed a motion for extension of time to file the complaints under Rule 4007(c) before the March 10 bar date.[45]  They are the complaints of Fifth Third Bank, filed on April 8,[46] the complaint of Bank of New York Mellon, as trustee under the 2006-1 and 2005-2 indentures, filed on April 8, 2009,[47] Bank of New York Mellon, as trustee under the 2003-1, 2003-2, 2004-1 and 2005-1 indentures filed on April 9, 2009.[48]

The question will undoubtedly arise whether these complaints were timely filed.  There are two routes to finding timely filings.  First, as found above, these creditors' motions to extend the deadline for filing complaints to April 9, 2009 have been granted.  The complaints filed within the extended time period granted as a result of the motions are timely.

Second, the Court finds, based on *Themy*, discussed above and the testimony at the May 5, 2009 hearing, that these creditors reasonably relied upon the Order of Extension filing their complaints after March 10, 2009.  The Order of Extension was therefore effective as to these creditors and the complaints filed before April 9, 2009 were timely.

---

[45] Of course, the Court's ruling granting these creditors' Precautionary Motion *Nunc Pro Tunc* for Extension of Time to File a Complaint  under 11 U.S.C.§ 523(2) pursuant to Bankruptcy Rule 4007(c) and 11 U.S.C. §105(a), results the motions for extension of time having been filed before expiration of the time to object.

[46] Case no. 9-05064.

[47] Case no. 09-05063.

[48] Case no. 09-05069.

**CONCLUSION.**

As more fully examined above, the Court holds that the sua sponte Order of Extension establishing a bar date of April 9, 2009 for the filing of dischargeability complaints, except as to the movant Bank Group, was not in conformity with Rule 4007 and should be set aside. Nevertheless, to avoid injustice, under the authority of 11 U.S.C. 105(a), the Court finds the Extension Order effective as to creditors who reasonably relied upon it. Under the circumstances of the case and the evidence presented at the May 5, 2009 hearing, creditors Fifth Third Bank and Bank of New York Mellon reasonably relied upon the Order of Extension and as to them the Order of Extension effectively set a bar date of April 9, 2009. The motions for extension of time to object to dischargeability after the initial bar date were timely for two reasons - they were filed before the expiration of the extended bar date and the bank creditors relied upon the Order of Extension when filing the motions. Cause existed for the extensions. Finally, the dischargeability complaints filed by Fifth Third Bank and the two complaints filed by Bank of New York Mellon, as trustee for various indentures, were timely filed both because they were filed within the extended bar date ordered when granting the foregoing motions and because the evidence establishes that these creditors reasonably relied upon the Order of Extension when filing the complaints after the expiration of the original deadline.

**IT IS SO ORDERED.**

###